## No. 1011.

### DIANA C. GRAY ET AL. VS. ALFRED WADDELL, ADMINISTRATOR.

.A judgment on an Opposition to the Account of an Administrator may validly decree his destitution and that he should pay a certain sum of money for which he is liable to the estate, when a direct suit was first brought by the Opponent, praying for his dismissal for mal-administration, and the direct suit and the Opposition were cumulated and tried together.

| 33 | 1021 |
|----|------|
| 109 | 286 |
| 33 | 1021 |
| 111 | 674 |

APPEAL from the Fourth District Court, parish of Winn. *Bridger,* J.

---

*R. J. Bowman* for Plaintiffs and Appellees:

_An action to compel an Administrator to account and to destitute may be cumulated. 14 An. 779; 4 An. 486.

An Administrator must account for the inventory, 7 R. 138, *a fortiori* he must account for the property which he informs the Court he has sold and of whose sale he has made no account.

' There is not only no evidence in support of the charges made by the Administrator, but not even a voucher filed in support of them.

_An Administrator who fails to render an account once in twelve months shall be dismissed from office, and pay 10 per cent per annum from the date of the expiration of the twelve months. R. S. s. q. Act 1837, No. 102; 9 An. 376; 12 An. 445; 13 An. 584; *a fortiori,* an Administrator who fails for more than eight years to file an account, and who, during that time, has sold the property at private sale and converted it to his own use, and finally renders an account only at the suit of the heirs and under the imperative order of the Court, ought to be dismissed and pay 10 per cent per annum interest from twelve months after his appointment.

---

Gray et al. vs. Waddell, Administrator.

---

*Jack & Buckner* for Defendant and Appellant:

An Administrator can not be destituted of his trust on an opposition to his Tableau, espe-- cially when his destitution is not prayed for, and when the only reasons assigned for the judgment are, that he had not filed his account. C. P. Arts. 1017 and 1018; 31 An. 728; 28, An. 323, 607; 29 An. 521; 30 An. 269.

A judgment assigning and showing no other or better reasons than "the law and the evi-- dence being in favor of the judgment herein rendered, it is therefore ordered and decreed, &c., does not conform with the requirements of fundamental law, and is, therefore, null. and void. 11 An. 94; 18 An. 260; 19 An. 525; 20 An. 27.

The judgment should conform with the pleadings and the relief should not be *ultra petitionem.* 16 An. 266; 21 An. 379; 22 An. 378; 24 An. 349; 25 An. 281 and 28 An. 843.

---

The opinion of the Court was delivered by

TODD, J. This case was submitted on briefs at the recent term of this Court at Monroe, by consent of counsel, to be decided at Opelousas.

The facts connected with the case are briefly as follows :

John Waddell died in the parish of Winn, in the year 1863, leaving a widow and two minor daughters, now Mrs. Gray and Mrs. Brantley, the plaintiffs in this case. The widow was confirmed as testamentary executrix of the deceased, and tutrix of the minors. She died in 1869, and John R. Gray was appointed administrator of the said succession of John Waddell, but afterwards resigned, and the defendant, Alfred Waldell, was ap- pointed administrator of the said succession in the year 1871. He caused an inventory to be made of the property, which consisted of lands in the parishes of Winn, Grant and Natchitoches, the aggregate amounting in value to $10,864 50. He obtained orders for sale of the property, but there is no evidence of any returns of the sales having been filed. No account. appears to have been rendered by this administrator after his appoint- ment, to the date of this suit against him, which was instituted in No-- vember, 1879. The suit was brought by the plaintiffs mentioned, sole heirs of John Waddell, deceased ; and the object of it was to compel the rendition of an account, and procure the destitution of the adminis- trator.

The grounds upon which his destitution was claimed was the failure and neglect of the administrator to render his accounts, and for mal- administration. On the same day that the petition was filed,—the 15th November, 1879,—the defendant was ordered to render an account of his administration.

Personal service was made on him on the 24th of same month and year.

On the 16th of February, 1880, the plaintiffs, suggesting the failure of the defendant to render his account, in obedience to the order of the court, the court made another order, requiring the defendant to file his. account within ten days from that date.

On the 17th of the same month, a default was taken against the defendant on the demand for his destitution.

On the 24th of same month, the administrator rendered his account, which was opposed by the plaintiffs. This opposition seems to have been consolidated with the action to destitute, and came up for trial at the June term, 1880, of the court, but, by agreement of counsel, was continued, and fixed for trial at the following September term. It was tried at that term, the defendant appearing at the trial neither personally nor by counsel. From the judgment rendered against him, destituting him of the administratorship and condemning him to pay $10,307, with interest, he, the defendant, has appealed. There is a motion to dismiss the appeal, on several grounds, such as defect in the certificate of the clerk, error as regards the return day in the order of appeal, and that the transcript was filed too late,—all of which we find untenable ; and the motion is overruled.

## On the Merits.

The defendant has filed no assignment of errors to inform us specifically of his grounds of complaint against the judgment, which should have been done, but, in their brief, the counsel point out the alleged errors in the proceedings, on which they rely for a reversal of the judgment, which we shall proceed to notice :

1. The first objection to the proceedings urged is, that the judgment was rendered on the opposition to the account of the administrator, and that there was no prayer in the opposition for his destitution, nor for judgment against him for any specific amount ; and that the judgment was, therefore, *ultra petitionem.*

It is true that there was no prayer for the destitution of the administrator in the opposition to the account ; but, in the petition for the rendition of the account, maladministration on the part of the defendant was distinctly charged, and his destitution prayed for. The defendant was personally cited on this demand, and a default regularly taken and confirmed on proof found in the record. The fact that this demand was cumulated with the opposition to the account, does not impair the face of the judgment on this point. The original petition filed, contained the demand for the rendition of an account, and for the removal of the administrator. The account was rendered, and may be viewed as an answer to that part of the petition, and an issue, as to the demand for destitution, was created by the default taken on that demand ; and the issues thus presented,—in the absence of any objection from the defendant,—were not improperly tried together. 4 An., 486. All the items of the account, save one, were opposed, and judgment was asked for sustaining the opposition and awarding such sum as might be found due

after such correction of the account. Such a prayer fully justified the moneyed portion of the decree.

2. It is urged that the judgment was not only *ultra petitionem*, but "self-contradictory." That the defendant rendered an account in obedience to the order of the court, but was removed "because he had not filed it." The petition charged that the administrator had never rendered an account during the entire term of his office, which had lasted up to the time of the suit—nearly nine years. The demand and the judgment removing him, were based upon this delinquency, and *not* for any failure or neglect respecting the account filed. The charge against the judgment of irregularity on this ground is, therefore, utterly unfounded.

3. It is charged that the judgment was rendered without citation.

We have shown that the defendant was personally cited, and default taken on the demand for removal, the account filed and opposed. There was no necessity or authority for citing the defendant to answer the opposition. The opposition itself was an answer to the account filed. This objection to the proceedings is entirely without merit.

4. It is contended that a judgment of removal, upon failure to file an account, is not authorized, unless there is first an order to render the account and refusal to obey such order,—and reference is made to Sec. 3696, Revised Statutes, as sustaining this proposition. And it is argued that, inasmuch as the administrator in this instance did render his account, when ordered to do so, the judgment was without law or reason to support it.

The section of the Revised Statutes referred to, as supporting this view, contains merely the provision that a creditor of a succession may take a rule on an executor or administrator to show whether he has any funds in hand for the payment of the debts; and, on his failure to file the proper statement in ten days, he may be dismissed.

The section which follows the one referred to (3697), however, requires that such fiduciaries "shall, at least once in every twelve months, render an account of their administration; and, on failure so to do, shall be dismissed from office," &c.

And the terms of this requirement are mandatory, and show that the duty is to be performed under the penalty prescribed, without an order to compel the discharge of such duty. The suit was evidently brought under the provisions of this act.

5. Finally, it is contended that the judgment in question is a nullity because it does not contain the reasons for the judgment. The judgment reads:

"This case coming on for trial, and it appearing to the court, from the judicial representation of the administrator, that he had disposed

of all the lands of the succession except two small tracts in the parish of Grant and about 200 acres in the parish of Winn, and no returns of any sales of said land ever having been made, and the administrator not having filed any vouchers with his accounts to sustain the charges therein made, or even claiming that they were all paid, and the law and the evidence being in favor of the judgment herein rendered," &c. Then follows the decree condemning the administrator to pay the amount previously mentioned, which is a balance after allowing certain credits, including the unsold land.

Then, resuming, the judgment further declares :

"And it further appearing to the court that the said administrator has failed to file an account of his administration for nearly nine years, or make and record returns of his said transactions in disposing of the property of the succession, that he be destituted as administrator," &c.

We think that the judgment, in its language and terms, shows a sufficient compliance with the law. The reasons for the judgment were clearly expressed, and were of a character to justify the decree. The objection made to the expression "the law and the evidence being in favor of the judgment herein rendered" appearing therein, seem somewhat hypercritical, considering that the language of the entire judgment leaves no doubt that it was rendered in favor of the plaintiffs and against the defendants upon the issues raised in the pleadings.

We would add that we have carefully examined the record, and are satisfied that the facts and reasons assigned by the *judge a quo* for his judgment are fully established by the evidence.

The administrator never filed an account during the period mentioned, sold the property of the succession without an order of court, so far as the record discloses, and made no returns of the sales, filed no vouchers with his account, rendered finally, under the order of the court, and after two applications therefor; and, in addition to all this, the account, upon its face, abounds with extravagant charges, which, even if supported by vouchers, would not easily commend them to the favorable consideration of a court of justice.

The moneyed judgment rendered against the administrator, is for the inventoried value of the property shown to have gone into his hands, and less that undisposed of; and in the entire failure to show any disbursement whatever of the funds derived from its sale, the judgment, in this respect, was a proper one.

We have thus gone over, successively, all the objections urged against the judgment complained of, and our scrutiny of the proceedings has been the more severe and exhaustive on account of the fact, so earnestly pressed on our attention, that the defendant was not present or represented at the trial, and whilst disposed to extend all the

65

indulgence to the appellant within the limits of our discretion, we find that his appeal presents no ground upon which we can afford him relief.

There is a motion to amend the judgment which we must refuse, for two reasons : 1st, that the additional amount asked for was not demanded in the petition, and 2nd, the appellees' motion to dismiss the appeal is inconsistent with the demand for an amendment of the judgment.

The judgment appealed from is affirmed, with costs.

Mr. Justice Levy recuses himself in this case, having been of counsel.